Case 1:24-cv-00123   Document 21   Filed on 08/14/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID MURILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-123 |
| | § | |
| FRANK BISIGNANO[1], | § | |
| | § | |
| Defendant. | § | |

# ORDER

Plaintiff David Murillo filed a Complaint seeking review of the Commissioner of the Social Security Administration's decision to deny him disability benefits based on an Administrative Law Judge's findings. After the development of the administrative transcript record, a United States Magistrate Judge ordered dispositive briefing from the parties, which they submitted. (Order, Doc. 13; Murillo's Brief, Doc. 15; SSA Response, Doc. 16)

In July 2025, based on the record and the applicable law, the Magistrate Judge issued a Report and Recommendation recommending that the Court affirm the final decision of the Commissioner. (R&R, Doc. 18)

On August 6, Murillo submitted a filing with no title and consisting of a single paragraph of explanation and over three hundred pages of recent medical records. In his explanation, he does not challenge the reasoning in the Report and Recommendation. As a result, the Court does not construe his filing as objecting to any portion of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2) (requiring litigants to "file specific written objections" to warrant de novo review).

---

[1] In May 2025, Frank Bisignano was sworn in as the Commissioner of Social Security. He is automatically substituted as the proper defendant under Federal Rule of Civil Procedure 25(d). The Clerk of Court shall update the case caption to reflect this change.

Instead, in his submission, Murillo requests that the Court "reconsider" his case based on the new medical records. (Filing, Doc. 20)  The Court's review, however, is "constrained by the record which was available to the ALJ." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). Although in some instances a district court can remand the matter to the ALJ to develop new records, Murillo makes no such request and does not demonstrate that the proposed new evidence would be material. *See Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (noting that alleged new evidence is material only if a "reasonable possibility" exists that it would have changed the outcome).  Thus, the Court declines to consider the new medical records or to order a remand of the matter.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983).  The Court has reviewed the Report and Recommendation and finds no clear error within it.

As a result, the Court **ADOPTS** the Report and Recommendation (Doc. 18).  It is:

**ORDERED** that the final decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

Each party shall bear its own fees and costs.

This is a final and appealable order.

The Clerk of Court shall terminate this case.

Signed on August 14, 2025.

_____
Fernando Rodriguez, Jr.
United States District Judge